**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45159**

| | |
|---|---|
| In the Matter of the: DOE CHILDREN, Children Under Eighteen (18) Years of Age. | ) ) ) |
| IDAHO DEPARTMENT OF HEALTH AND WELFARE, | ) ) |
| Petitioner-Respondent, | ) ) |
| v. | ) ) |
| JOHN DOE (2017-18), | ) ) |
| Respondent-Appellant. | ) ) ) |

2017 Unpublished Opinion No. 600

Filed: September 28, 2017

Karel A. Lehrman, Clerk

THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY

Appeal from the Magistrate Division of the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Calvin H. Campbell, Magistrate.

Judgment terminating parental rights, affirmed.

Williams Law Office Chtd.; Timothy J. Williams, Twin Falls, for appellant.

Hon. Lawrence G. Wasden, Attorney General; James T. Baird, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Chief Judge

John Doe appeals from a judgment terminating his parental rights to his two minor children. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

This case arose in July 2015 when the minor children were placed in the care of the Idaho Department of Health and Welfare (Department). Thereafter, Doe and the children's mother stipulated during an adjudicatory hearing that the children would remain in the Department's custody. A decree was entered in September 2015 consistent with that stipulation, and the children have continuously remained in the Department's care since that time.

1

Case plans were subsequently ordered by the court and, based on lack of progress of either parent, the Department filed for termination of parental rights. After a trial in May 2017, the magistrate terminated the parental rights of the father (Doe) and the mother based upon a finding of neglect and the best interests of the children. The mother chose not appeal the termination of her parental rights. Doe timely appeals.

## II.

## ANALYSIS

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id*. Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *In re Doe*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *Doe v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably

2

certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

Idaho Code Section 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interest and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

Idaho Code Section 16-2002(3) defines "neglect" as any conduct included in I.C. § 16-1602(31), as well as situations where the parent has failed to comply with the court's orders or the case plan in a Child Protective Act case and the Department has had temporary or legal custody of the child for fifteen of the most recent twenty-two months and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department. Section 16-1602(31)(a) provides, in pertinent part, that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them.

Doe has an extensive history of drug use, which has extended into a significant portion of the children's lives. He has engaged in drug use in the presence of the children, causing the children to test positive for controlled substances. In 2014, the Department intervened due to reported drug use, a cluttered and dirty home, and lack of food. The Department provided assistance by way of a voluntary case plan, which provided, in part, that the children were not to be left with Doe unsupervised. In March 2015, as part of the treatment services being provided to the family, Doe was asked for a hair follicle test, which tested positive for methamphetamine. After this occurred, Doe was uncooperative and would not keep in contact with the service provider. In July 2015, the mother left the children, then ages two and six, with Doe unsupervised. Doe then left the children with his roommates who were arrested on drug-related

3

charges during that time. When officers arrived, there was drug paraphernalia present, and the children were declared in imminent danger and placed in the Department's care.

Doe was convicted of child endangerment for the events that occurred at his home in July 2015. Following his conviction, Doe would not comply with the requirements of his criminal probation, which included his failing to get required mental health and anger management assessments, submitting to random drug tests, completing parenting classes, providing proof of income, and keeping his case worker informed of his contact information. Additionally, he did not attend the children's medical, dental, or counseling appointments. At trial, Doe testified he had two probation violations as a result of his continued drug use. In January 2016, he was incarcerated for possession of a controlled substance with the intent to deliver. The court imposed a ten-year sentence with one and a half years determinate.

The current social worker testified at trial that Doe had not completed anything of substance in his case plan and had four positive drug tests during the time the case had been open. The court found that while Doe had completed some of the courses of treatment and education under the case plan, he had not made any meaningful efforts to participate until just prior to the termination hearing.

Furthermore, the Department has had custody of the children for well over the statutory guideline of fifteen of the most recent twenty-two months. In fact, the children have been in the Department's care for over two years, and the court noted that foster care is available to the children as a permanent placement. Doe has failed to show the magistrate erred in its finding that he has not demonstrated the ability to provide the children with a safe and stable home environment. Doe failed to provide proper parental care and control, and the children have consistently been in the Department's care for over two years. Thus, there is substantial and competent evidence to support the magistrate's finding that Doe neglected the children.

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interest of the child to terminate the parent-child relationship. *In re Aragon*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interest, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or

4

her situation, and the parent's continuing problems with the law. *In re Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *In re Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interest of the child to terminate parental rights must still be made upon objective grounds. *In re Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

The current foster parent, case worker, and the guardian ad litem testified that the children have made significant progress since placement into foster care. They have become more secure and stable. The guardian ad litem and the primary social worker both testified it would be in the best interests of the children to terminate the parental rights. This was echoed by another social worker who was present in July 2015 when the children were removed from Doe's home. The social worker testified that the children tested positive for methamphetamine at that time, they did not have beds, had very little clothing, and that the walls, floors, and ceiling were full of holes. Additionally, she testified that Doe had failed to complete a substance abuse assessment, a required parenting class, provide written proof of income, and would not cooperate with her in completing his case plan. The maternal grandmother testified that instability in the parents' home due to unsanitary conditions, violence, and drug use existed for about six years.

It is important to note that Doe has made improvements while incarcerated, and he has maintained telephone contact with the children and sent gifts to them. However, he failed to complete services and treatments provided through probation and the Department. The court also noted that while Doe had been incarcerated for the majority of the time the case was open, the Court had concerns with lack of suitable housing upon his release and his sporadic employment history due to incarceration and criminal history.

Doe's history demonstrates that there is not a strong likelihood he can maintain a drug-free and crime-free life if provided with another case plan; and foster placement is available for the children as a permanent placement. Doe failed to provide a stable, sanitary, and drug-free home for his children. The children have made great improvements during their two-plus years in foster care, which is available as a permanent placement, and provides permanency and stability for the children. It is in the best interests of the children to terminate Doe's parental rights.

### III.
### CONCLUSION

There is substantial and competent evidence to support the magistrate's finding that Doe neglected the children. The magistrate's finding that it is in the best interests of the children to terminate parental rights was made upon objective grounds. Therefore, we affirm the judgment terminating Doe's parental rights.

Judge GUTIERREZ and Judge HUSKEY **CONCUR**.